UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEON SMITH, Jr., Plaintiff, v. EXPERIAN INFORMATION SOLUTIONS, INC., et al., Defendants. | No. 2:25-cv-2629 TLN SCRR<br><br>ORDER |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21). The Court previously granted Plaintiff leave to proceed in forma pauperis ("IFP"). ECF No. 3. Granting IFP status does not end the court's inquiry, however, as the Court is required by 28 U.S.C. § 1915(e)(2) to screen the complaint and must dismiss an action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court has previously issued an order screening Plaintiff's original complaint. ECF No. 3. Upon review of the first amended complaint ("FAC"), the Court concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and directs service.

////

////

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

### B. The First Amended Complaint

Plaintiff's FAC names three defendants: 1) Experian Information Solutions, Inc. ("Experian"); 2) Equifax Information Services, LLC; and 3) TransUnion, LLC ("TransUnion"). ECF No. 4 at 1-2. Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 and alleges violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that he obtained his consumer credit reports in April and May of 2024 from all three Defendants. ECF No. 4 at ¶ 10. Plaintiff alleges he discovered three "major categories of inaccuracies": 1) Defendants reported a "charged-off account" that Plaintiff had not opened or authorized; 2) Defendants inaccurately reported late payments on one account; and 3) a third account was reported with an incorrect balance and "false past-due status". *Id.* at ¶¶ 11-15.

Plaintiff states that he submitted written disputes with each of the Defendants via certified mail, and that Defendants did not conduct a reasonable investigation. *Id.* at ¶¶ 18-21. Plaintiff alleges that he was injured because he suffered denials of credit and experienced increased insurance costs. *Id.* at ¶16. Plaintiff seeks monetary damages including actual and statutory damages.

### C. Analysis

Plaintiff's FAC (ECF No. 4) asserts a jurisdictional basis, contains a statement of his

claim, and a request for relief. Although the factual allegations are quite brief, the Court finds, for screening purposes only, that Plaintiff's claims are sufficiently cognizable and will direct service. This determination at screening does not preclude a future motion by Defendants pursuant to Fed. R. Civ. P. 12(b) if appropriate. *See Ingram v. Sterling*, 2016 WL 1211999, *4 (S.D. Cal. March 29, 2016) (noting that initial screening is performed by liberally construing the complaint and without the benefit of briefing by defendants and the screening order did not preclude consideration of a Rule 12(b)(6) motion).

## II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Service of the First Amended Complaint (ECF No. 4) is appropriate for the following Defendants: 1) Experian Information Solutions, Inc.; 2) Equifax Information Services, LLC; and 3) TransUnion, LLC.
2. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
3. The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.
4. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require, **for each defendant** in ¶ 1, above, at least:
    a. One completed summons;
    b. One completed USM-285 form;
    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;
    d. One copy of the instant order; and
    e. An appropriate form for consent to trial by a magistrate judge.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.
6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.
7. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: August 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE